IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY LONG,

    Plaintiff,                                  No. CIV S-04-2188 GGH

    vs.

JO ANNE B. BARNHART,
Commissioner of Social
Security,
                                      <u>ORDER</u>
    Defendant.
                                 /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons that follow, plaintiff's Motion for Summary Judgment or Remand is denied, the Commissioner's Cross Motion for Summary Judgment is granted, and judgment is entered for the Commissioner.

        On January 10, 2006, this court issued an order to show cause why this case should not be dismissed for lack of prosecution because plaintiff did not file a summary judgment motion by September 19, 2005, as required by the scheduling order. On January 31, 2006, plaintiff filed a response and motion for summary judgment through counsel, indicating that counsel had taken on more work than he should have, and that he has now stopped taking

\\\\\

1

any new federal cases. The court finds that plaintiff's response is satisfactory. The show cause order will therefore be discharged.

BACKGROUND

Plaintiff, born January 3, 1950, applied for disability benefits on June 4, 1998. (Tr. at 87.) Plaintiff alleged he was unable to work since August 2, 1992, due to bipolar manic depression, post traumatic depression, migraines, and lower back, knee and sinus problems. (Tr. at 87, 98.)

After plaintiff's initial application was denied after hearing on December 3, 1999, he filed a federal action wherein the case was remanded for further proceedings. In a second decision dated October 24, 2002, ALJ Robert K. Rogers, Jr. determined that plaintiff was not disabled.[1] The ALJ made the following findings:

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the

1. The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits only through December 31, 1998.

2. The claimant did not engaged in substantial gainful activity from the alleged onset of disability through his date last insured.

3. Prior to his date last insured, the claimant had an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b).

4. These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 at any time prior to the claimant's date last insured.

5. The undersigned finds the claimant's allegations regarding his limitations are fairly credible for the reasons set forth in the body of the decision.

6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).

7. Prior to December 31, 1998, the claimant had the residual functional capacity to lift and carry 40 pounds to his waist. He could lift and carry above the waist 20 pounds occasionally and 10 pounds frequently, stand/walk 45 minutes at a time and can sit without impairment based limits. He could not perform repeated bending, stooping or climbing. He could not work with the public. He required a task oriented job rather than one that involves group effort at problem solving. He could work in the company of others but not in large crowds. He required a low stress job and one than [sic] did not require him to work at a fast pace.

8. Prior to December 31, 1998, the claimant was unable to perform any of his past relevant work (20 CFR § 404.1565).

9. The claimant is a "younger individual between the ages of 45 and 49" (20 CFR § 404.1563).

---

burden if the sequential evaluation process proceeds to step five. Id.

10. The claimant has "more than a high school education" (20 CFR § 404.1564).

11. The issue of transferability of skills is not material. (20 CFR § 404.1568).

12. Prior to his date last insured, although the claimant's exertional limitations did not allow him to perform the full range of light work, there were a significant number of jobs in the national economy that he could perform. Examples of such jobs include several jobs involving "light" exertion, including utility tractor operator, SVP 4, of which there are 20,000 jobs in the U.S., and outside delivery, SVP 2, of which there are 70,000 jobs in the U.S.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date he was last insured for benefits, December 31, 1998. (20 CFR § 404.1520(f)).

(Tr. at 526-27.)

ISSUE PRESENTED

Plaintiff has raised the following issue: whether the ALJ Erred in Finding Plaintiff's Headaches Did Not Constitute a Severe Impairment.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational

4

interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

ANALYSIS

<u>Whether the ALJ Erred in Finding Plaintiff's Headaches Did Not Constitute a Severe Impairment</u>

Plaintiff contends that in considering plaintiff's impairments at step two, the ALJ did not find plaintiff's headaches to be a severe impairment.

At the second step of the disability analysis, an impairment is not severe only if it "would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28. The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ *did* find plaintiff's chronic migraines to be a severe impairment along with plaintiff's degenerative lumbosacral disc disease, degenerative lumbar and cervical disease, left shoulder pain, bipolar affective disorder, polysubstance abuse, personality disorder, and post traumatic stress disorder. (Tr. at 522.) Plaintiff is under a misimpression that the ALJ did not find his headaches to be severe. As plaintiff has not raised any other issues in this case, his motion will be denied.

CONCLUSION

Accordingly, the order to show cause, filed January 10, 2006, is DISCHARGED. IT IS ORDERED that plaintiff's Motion for Summary Judgment or Remand is DENIED, the

\\\\\

\\\\\

1  Commissioner's Cross Motion for Summary Judgment is GRANTED, and the Clerk is directed
2  to enter judgment for the Commissioner.
3  DATED: 7/28/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Long2188.ss.wpd